UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CHARLES RANDALL         :
                        :
   v.                   :   C.A. No. 15-384M
                        :
ASHBEL T. WALL, et. al. :

**REPORT AND RECOMMENDATION FOR
SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

**Background**

Pending before me for determination is Plaintiff's Application to Proceed In Forma Pauperis ("IFP") (Document No. 2) pursuant to 28 U.S.C. § 1915. On September 11, 2015, Plaintiff Charles Randall, a current inmate at the Adult Correctional Institutions ("ACI") in Cranston, Rhode Island, filed a pro se Complaint in this Court against several prison officials. Plaintiff's Complaint was accompanied by an Application to Proceed IFP without being required to prepay costs or fees, including the $400.00 civil case filing fee. After reviewing Plaintiff's Application signed under penalty of perjury, I conclude that Plaintiff is unable to pay fees and costs in this matter and thus, Plaintiff's Application to Proceed IFP (Document No. 2) is GRANTED.

Having granted IFP status, this Court is required by statute to further review Plaintiff's Complaint sua sponte under 28 U.S.C. § 1915(e)(2) and to dismiss this suit if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaint be DISMISSED WITH PREJUDICE because it fails to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**Facts**

According to Plaintiff's allegations, he was employed as a gym porter at the ACI from April 12, 2013 through September 11, 2013. (Document No. 1 at p. 2). Plaintiff claims that there was a violation of the Department of Corrections "Co-Pay Policy Procedures" with respect to how his inmate account was credited for his wages as a gym porter and debited for pre-existing debt. Id. at p. 3. He claims that he filed a grievance on July 18, 2014 against Lt. Michael Lanowy alleging that he violated the DOC's "Co-Pay Policy." Id. He claims that grievance was "unheard and unresolved" so he resubmitted it on August 15, 2014. Id. at p. 4. In response to that grievance, he claims Lt. Lanowy and Warden Desousarosa "conveyed that the inmates account was responsible and liable for this unlawful transaction..." in an attempt to coverup the violation of Policy. Id. Next, Randall asserts that he spoke with Lt. Hayes about his inmate account and that he "refused to investigate" the claim. Id. Lt. Ducharme also told Randall that he was unaware of what happened with Randall's inmate account. Finally, on August 26 or 27, 2014, Randall filed another grievance. Id. at pp. 4-5.      Randall alleges he is owed $341.00 dollars for his work as a gym porter from April through September 2013. Id. at p. 6. He also alleges that when he completed his sentence in "about 2007 or 08" he attempted to collect $98.00 dollars that was in his "frozen" encumbered account, but the clerk stated that he was still in debt to the institution and not entitled to that money. Id. at p. 7. Randall asserts that Defendants violated his civil rights in connection with their handling of his inmate account and claims a violation of the Eighth Amendment to the United States Constitution's prohibition against cruel and unusual punishment, a violation of the Fourteenth Amendment to the United States Constitution's due process of law clause as well as several state law claims including violation of Rhode Island General Laws, robbery, forced slavery, racist acts,

discrimination and deprivation of property. Id. at pp. 8-9. He seeks a declaration that Defendants violated his rights, as well as compensatory and punitive damages and an injunction ordering the ACI to comply with established procedures.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action filed IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Hodge v. Murphy, 808 F. Supp 2d 405, 408 (D.R.I. 2011). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). At the same time, the court need not credit bald assertions or unverifiable conclusions. Ashcroft v. Iqbal, 556 U.S. 662 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at p. 678 (internal quotations omitted). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(I). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**Discussion**

I recommend that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). In making this recommendation, I have taken all of the allegations in Plaintiff's Complaint as true and have drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, I have liberally reviewed Plaintiff's allegations and legal claims since

they have been put forth by a pro se litigant.  See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required.

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 as well as state law.  In order to prevail in a Section 1983 action, a plaintiff is required to show that the complained-of conduct (1) was committed by a person acting under color of state law; and (2) deprived the plaintiff of a constitutional right or a federal statutory right.  Watrous v. Salisbury, C.A. No. 09-599S, 2010 WL 2035364 *3 (D.R.I. April 27, 2010) citing Gomez v. Toledo, 446 U.S. 640 (1980).  Defendants in this case are state employees, acting under color of state law pursuant to Section 1983.  However, Plaintiff's two constitutional claims both suffer from the same fault: although he has alleged a constitutional violation, a review of his claims reveals that he has failed to state a claim upon which relief may be granted regarding either of his claims.  Plaintiff sets forth two primary allegations – his first allegation is that the alleged mishandling of his prison inmate account rises to the level of a violation of the Eighth Amendment.   Plaintiff's second allegation is that Defendants violated the Due Process Clause of the Fourteenth Amendment through the same conduct.

Plaintiff's Eighth Amendment claim is that it was "cruel and unusual" to deprive Plaintiff of "the right to enjoy earned wages...."  (Document No. 1 at p. 7).  In assessing the Eighth Amendment claim, the Court considers whether Plaintiff has met two requirements.  First, "[t]here is an objective requirement: he must demonstrate 'that the deprivation alleged was 'objectively, sufficiently serious.'"  Second, "there is a subjective requirement: he must establish 'that prison officials possessed a sufficiently culpable state of mind, namely one of 'deliberate indifference' to [his] health or safety.'"  Lyons v. Wall, C.A. No. 08-498M, 2012 WL 3682983, at *3 (D.R.I. Aug.

24, 2012). (citations omitted). Plaintiff's claims do not set forth a constitutional claim under the Eighth Amendment. As this Court has previously noted, the denial of prison funds "were not deprivations denying the minimal civilized measure of life's necessities,...sufficiently grave to form the basis of an Eighth Amendment violation." Watrous, 2010 WL 2035364 at *6-7. Accordingly, Plaintiff fails to state a claim on which relief may be granted under the Eighth Amendment, and I recommend such claims be DISMISSED WITH PREJUDICE.

Plaintiff's Fourteenth Amendment claim is based on his allegation that Defendants wrongfully deprived him of funds in his prison account without adequate procedural protections. In order to prevail on a procedural due process claim, a plaintiff must demonstrate an unlawful deprivation of a life, liberty or property interest. See Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Plaintiff does have a protected interest in his personal property, including his prison account. Watrous, 2010 WL 2035364. However, even where, as here, Plaintiff has a protected property interest, not all deprivations of property, absent adequate procedural protections, rise to the level of a constitutional violation. The Paratt-Hudson doctrine establishes that, "[w]hen a deprivation of a property interest is occasioned by random and unauthorized conduct by state officials,...the due process inquiry is limited to the issue of the adequacy of the postdeprivation remedies provided by the state." Parker v. Wall, C.A. No. 10-040ML, 2010 WL 4455818 (D.R.I. Oct. 6, 2010) quoting Hadfield v. McDonough, 407 F.3d 11, 19 (1st Cir. 2005). "An act is random and unauthorized when it is a flaw in a government official's conduct rather than a flaw in the underlying state law itself." Ciampi v. Zuczek, 598 F. Supp. 2d 257, 263 (D.R.I. 2009). In the present case, Plaintiff is specifically claiming that the Defendants violated "DOC's Co-Pay 'Policy'" in their crediting and debiting of his prison account. (Document No. 1 at p. 3). (emphasis added). As noted by the Court

in Watrous, "regardless of whether such actions were negligent or intentional, as they were not pursuant to state law or policy, they were random and unauthorized." 2010 WL 2035364 at *4. Accordingly, because the conduct of the state officials was allegedly a violation of DOC policy, it was necessarily "random and unauthorized." Thus, the Court must consider the adequacy of the post-deprivation remedies afforded to Plaintiff.

The First Circuit has held that a sufficient procedural due process claim must allege deprivation of a property interest without adequate process and also that available state law remedies are inadequate to address the deprivation. See Ramirez v. Arlequin, 447 F.3d 19, 25 (1st Cir. 2006) (affirming dismissal of procedural due process claims where plaintiffs failed to allege that there was no complete and adequate remedy under state law); and Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 999 (1st Cir. 1992) (citing Zinermon v. Burch, 494 U.S. 113, 125-126 (1990)) (describing as "critically important" the inclusion of an allegation in the complaint that states law remedies are inadequate to redress the challenged deprivation). In Watrous, the Court noted that the Plaintiff's claim turned on whether Rhode Island law provided adequate post-deprivation remedies. In that case, as in this case, the answer is yes – Rhode Island law provides adequate post-deprivation remedies. See also Parker v. Wall, C.A. No. 10-040ML, 2010 WL 4455818, *4 (D.R.I. Oct. 6, 2010) ("the state of Rhode Island provides post-deprivation state remedies for property loss claims") (citing cases). Because there are state law remedies available to Plaintiff, his procedural due process claim regarding the mishandling of money in his prison account does not state a claim under 42 U.S.C. §1983, and I recommend that the claims be DISMISSED with prejudice.

Finally, Randall has asserted several claims arising under Rhode Island state law. Because I have recommended the dismissal of all of Plaintiff's federal claims, I further recommend that the District Court decline to exercise jurisdiction over Plaintiff's remaining supplemental state law claims. See 28 U.S.C. § 1967(c); See also Grapentine v. Pawtucket Credit Union, 950 F. Supp. 2d 352, 355 n.1 (D.R.I. 2013) (noting that the Court can decline to exercise supplemental jurisdiction where it has dismissed all claims over which it had original jurisdiction).

**Conclusion**

For the reasons stated, Plaintiff's Motion to Proceed In Forma Pauperis (Document No. 2) is GRANTED. However, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), I further recommend that Plaintiff's Complaint be DISMISSED WITH PREJUDICE. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 21, 2015